**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL CASE NO. 06-1-DLB-2**

**UNITED STATES OF AMERICA**                                                                      **PLAINTIFF**

**v.**                               **MEMORANDUM ORDER**

**BRANDON JACKSON**                                                     **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon *pro se* Defendant Brandon Jackson's Motion for Compassionate Release (Doc. # 166), and his Motion to Review his Sentence under 18 U.S.C. § 3742(a)(1). (Doc. # 160). The United States having filed a Response to Defendant's Motion for Compassionate Release (Doc. # 168), and the time for filing a reply having expired, this matter is ripe for review. For the reasons set forth herein, both motions are **denied**.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

In 2008, this Court sentenced Defendant to 162 months in prison after he pled guilty to aiding and abetting in the brandishing of a firearm during and in relation to a crime of violence, armed robbery of a credit union under 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1). (Doc. # 128). The sentence was to run consecutive to a 166 month sentence, imposed in the Southern District of Ohio. (*Id.*). At the time of filing this motion, Defendant resided at the London Correctional Institution in Hamilton Ohio, where he was serving an 18 year prison sentence for Ohio state law offenses. (Doc. # 116 and *Inmate Locator: Brandon Jackson*, Ohio Department of Rehabilitation & Correction,

https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A588271 (last visited April 18, 2025). Defendant has since been transferred to federal custody, to begin serving his first federal sentence. *See Inmate Locator: Brandon Jackson*, Federal Bureau of Prisons https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A588271 (last visited April 18, 2025). He is currently housed at FCI McKean. *Id.*

## II.   COMPASSIONATE RELEASE

Under ordinary circumstances "[t]he court may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). Congress has crafted several exceptions to this general rule, one of which is that a court may grant "compassionate release" under § 3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* Defendant argues that compassionate release is warranted in light of a relatively recent amendment to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(6), which provides that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Defendant argues extraordinary and compelling reasons exist for granting his motion because the 2018 amendment to 18 U.S.C. § 924(c)(1)(C), which limits the applicability of the 25-year mandatory minimum sentence in § 924(c)(1)(C)(i) to circumstances in which the defendant has a prior § 924(c) conviction, produces a gross disparity between the sentence he would have received had he been sentenced today and the sentence this Court imposed in 2008. (Doc. # 166).

2

The United States has taken the position that 18 U.S.C. § 3582(c)(1)(A) does not authorize sentence reductions based on non-retroactive changes in the law. (Doc. # 168 at 3 n.4). Further, they contend that the amended policy statement in U.S.S.G. § 1B1.13(b)(6) exceeds the United States Sentencing Commission's statutory authority to enact. (*Id.*). The Court does not need to take up this latter issue. Even if this Court gave effect to § 1B1.13(b)(6), it would still deny Defendant's requested relief.

Section 1B1.13(c) provides that "[e]xcept as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." In other words, Defendant must meet the requirements of subsection (b)(6) for a change in law to factor into a court's extraordinary and compelling circumstances analysis. *Id.* Subsection (b)(6) only applies "[i]f a defendant received an unusually long sentence and has served at least 10 years of *the* term of imprisonment . . . ." § 1B1.13(b)(6) (emphasis added). The policy statement's use of the word "the"—as opposed to "a"—clearly means that a defendant seeking compassionate release under subsection (b)(6) must have served "at least 10 years of the term of imprisonment" imposed by the court in which the defendant is seeking relief. Here, Defendant has not served 10 years of the prison sentence imposed by this Court. *Supra* § II. Since his sentencing, Defendant has served an 18 year Ohio sentence, and approximately 1.5 years of his Southern District of Ohio sentence. *Id.* He will not begin serving time for this sentence until his Southern District of Ohio sentence is complete. Because he has not served "10 years of the term of imprisonment," he is ineligible for a reduced sentence. U.S.S.G. § 1B1.13(b)(6). *See also United States v. Santiago*, No. 2:07-cr-3-4, 2024 WL 3842566 at *1–2 (W.D. Va. Aug. 16, 2024) (Although

3

a defendant had been in the custody of the Burau of Prisons for over 10 years, "he had yet to begin serving this court's sentence." Therefore, the defendant was ineligible for a sentence reduction).

Because the Defendant does not meet the requirements of subsection (b)(6), the Court need not reach the question of whether extraordinary and compelling circumstances exist to justify reducing his sentence. Defendant's Motion for Compassionate Release is therefore **denied**.

### III. MOTION TO REVIEW SENTENCE

Defendant moves for a review of his sentence under 18 U.S.C. § 3742(a)(1), which provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence was imposed in violation of law." (formatting modified). Section 3742 is the statute under which a Defendant can appeal a final sentence opposed by a district court. It has no applicability here. *United States v. Manns*, No. 7:06-cv-03-KKC, 2020 WL 1676811 at *1 (E.D. Ky. Apr. 6, 2020) ("18 U.S.C. § 3742 applies only where the defendant asks the Court of Appeals to review his sentence.").

To the extent that the Defendant seeks to challenge the legality of his sentence or whether he received effective assistance of counsel, he must timely do so pursuant to 28 U.S.C. § 2255. Also, to the extent that Defendant's Motion can be construed as a notice of appeal, it is untimely. Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . . entry of the judgment or order being appealed[,] or the filing of the government's notice of appeal."). Accordingly, Defendant's Motion to Review Sentence is **denied**.

## IV.  CONCLUSION

Compassionate release is an extraordinary remedy. *See United States v. Flenory*, 841 F. App'x 971, 972 (6th Cir. 2021).  Such remedy is unavailable here as Defendant has not yet served at least 10 years of this Court's sentence.  Accordingly,

**IT IS ORDERED** that Defendant Brandon Jackson's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) (Doc. # 166) and his Motion to Review Sentence pursuant to 18 U.S.C. § 3742(a)(1) (Doc. # 160) are each **DENIED**. The clerk shall send a copy of this Order to Defendant at FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701.

This 18th day of April, 2025.



Signed By:
**David L. Bunning**
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Compassionate Release\2-1-6 Order Denying DE 166 and DE 160.docx